# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL PARKER,<br><br>Defendant. | No. CR-11-55-GF-BMM<br><br>**ORDER** |

## I. Synopsis

The undersigned granted the Defendant's unopposed motion for a psychiatric exam on November 29, 2016. (Doc. 35). The Defendant was committed to the Federal Detention Center at SeaTac, Washington for an evaluation of his competency to proceed in this matter. A Forensic Evaluation report was submitted to the Court. (Doc. 38.) The report concluded that Mr. Parker has a less than adequate understanding of the allegations against him, a poor capacity to assist in his defense, and recommended that Mr. Parker undergo competency restoration procedures at a Federal Medical Facility. (*Id.*)

The Court conducted a competency hearing on February 16, 2017. (Doc. 42.) The United States argued that Mr. Parker did not understand the allegations

against him and could not assist in his defense. Mr. Parker disagreed. The Court heard testimony from Dr. Cynthia Low and from Mr. Parker. The Court finds that based on the forensic evaluation and the testimony presented at the hearing, Mr. Parker is not competent to participate in a revocation hearing at this time. The Court orders Mr. Parker to undergo competency restoration procedures at a Federal Medical Center for a period of 120 days.

## II. Analysis

At any time after an action to revoke a defendant's supervised release begins, either party may move the court to conduct a hearing to determine a defendant's mental capacity. 18 U.S.C. § 4241(a). A court must grant the motion when it has a reasonable belief that the defendant suffers from a mental disease that prevents him from understanding the nature and consequences of the proceedings against him or to assist in his defense. *Id*. The court may then order that a mental health professional conduct an examination of the defendant and file a report with the court prior to date of the hearing. *Id* at (c).

After the hearing, if the court determines by a preponderance of the evidence that the defendant does not fully understand the nature or consequences of the proceedings or cannot assist in his defense, the court must commit the defendant to the custody of the Attorney General for competency restoration procedures. *Id* at

(d). This commitment may not exceed four months, unless the court finds that within an additional period of time, the procedures will restore the defendant's competency so the proceedings may go forward. *Id*. If the director of the facility where the defendant is undergoing treatment determines that the defendant's condition has improved to an extent that would allow proceeding to move forward, the director must file a certificate with the court, which will then conduct another hearing to determine the defendant's competency. *Id* at (e).

Here, Mr. Parker moved the Court to conduct a competency hearing on November 28, 2016, during his initial appearance on a petition to revoke his supervised release. (Doc. 34.) The Court had a reasonable belief that Mr. Parker may not to competent to face the allegations based on his behavior in the courtroom and ordered him to undergo a mental health evaluation. (Doc. 35.) Dr. Cynthia Low, the mental health professional in charge of Mr. Parker's evaluation, filed her report with the court on February 7, 2017. (Doc. 38.)

Dr. Low found that Mr. Parker suffered from Substance-Induced Psychotic Disorder; Moderate Cannabis Use Disorder, In a Controlled Environment; Severe LSD Use Disorder, In a Controlled Environment; Severe Methamphetamine Use Disorder, In a Controlled Environment; Severe Opioid Use Disorder, In a Controlled Environment; Antisocial Personality Disorder; and an obsession with the occult. (Doc. 38 at 14.) Dr. Low concluded that, based on these disorders and

his obsession with the occult, Mr. Parker had a "less than adequate ability to understand the nature and consequences of the proceedings against him and a poor ability to properly assist counsel in his defense." (*Id.* at 17.)

The Court conducted a competency hearing on February 16, 2017. (Doc. 42.) Federal Defender Evangelo Arvanetes represented Mr. Parker. Assistant United States Attorney Jeffery Starnes represented the United States. The Court heard testimony from Dr. Low and Mr. Parker. Dr. Low confirmed the findings in her report. Mr. Parker's testimony confirmed his obsession with the occult. Mr. Parker also stated that he often tells people what they want to hear. Based on Dr. Low's evaluation of Mr. Parker's mental health and Mr. Parker's testimony in open court, the Court finds that Mr. Parker does not fully understand the nature and consequences of the proceedings against him and cannot properly assist in his defense.

## Order

Based on the above, the Court issues the following order:

1. James Michael Parker shall be committed to the custody of the Attorney General to undergo competency restoration procedures in a federal facility for a period of time not to exceed four months.
2. If the director of the facility where Mr. Parker is undergoing treatment determines that his condition has improved to an extent that would allow proceeding to move forward, the director must file a certificate with the court, which will then

conduct another hearing to determine the defendant's competency

DATED this 21st day of February 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge