IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-11-55-BMM |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| JAMES MICHAEL PARKER, | |
| Defendant. | |

### I. Synopsis

The United States accused James Michael Parker of violating his conditions of supervised release by 1) failing to report to sexual offender counseling on October 4, 2016, and October 11, 2016, 2) using methamphetamine on or about October 8, 2016, and Klonopin, a Schedule IV controlled substance, without an authorized prescription on October 11, 2016, 3) failing to report for random urinalysis testing, 4) failing to follow the probation officer's instructions, and 5) failing to participate in and complete a substance abuse treatment program by

failing to report as scheduled on October 10, 2016.  He admitted to allegations 1, 2, 3, and 5, but neither admitted nor denied allegation 4.  His supervised release should be revoked, and he should be sentenced to time served through September 13, 2017 at noon, with twenty-five months of supervised release to follow.

## II.  Status

On November 22, 2011, United States District Judge Sam Haddon sentenced Mr. Parker to seventy-one months in custody, with thirty-six months of supervised release to follow, after he pleaded guilty to Unlawful Transport of Firearms.  (Doc. 23).  Mr. Parker began his current term of supervised release on September 23, 2016.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on October 20, 2017, accusing Mr. Parker of violating the conditions of his supervised release.  Violation 1 states that Mr. Parker failed to report to sexual offender counseling with Karen Baumann as scheduled on October 4, 2016, and October 11, 2016. Violation 2 states that on October 12, 2016, Mr. Parker admitted both verbally and in writing to using methamphetamine on or about October 8, 2016, and that he used Klonopin, a Schedule IV controlled substance for which he did not have an authorized prescription, on or about October 11, 2016.  Violation 3 states that Mr. Parker failed to report for substance abuse testing

in that he failed to report to the Rocky Boy Police Department for a random urinalysis test on October 13, 2016. Violation 4 states that Mr. Parker disobeyed the instructions of his probation officer. According to the Petition, Mr. Parker admitted on October 12, 2016, that he had been staying in Great Falls with his relative, a known convicted felon. He was instructed to return to his reported address, and after two subsequent visits from SVOR monitor Mary Gallagos, she reported that no one was at said residence. Finally, Violation 5 states that Mr. Parker failed to participate in and complete a program of substance abuse treatment. The Petition alleges that Mr. Parker was referred to White Sky Hope center on September 27, 2016, and initiated the intake process on October 5, 2016. However, Mr. Parker allegedly failed to report as scheduled on October 10, 2016. (Doc. 26). Judge Morris issued a warrant for his arrest based on the allegations in the Petition. (Doc. 27).

**Initial appearance**

Mr. Parker appeared before the undersigned for an initial appearance on November 8, 2016, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jeff Starnes represented the United States.

Mr. Parker said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the

revocation hearing before the undersigned.

**Revocation hearing**

At the initial appearance, Mr. Parker requested a continuance. The revocation hearing was to resume on November 29, 2016.

At a hearing on November 28, 2016, Mr. Parker's attorney, Mr. Arvanetes, requested that Mr. Parker undergo a mental health evaluation. The Court ordered that Mr. Parker undergo a competency evaluation to participate in his defense. (Doc. 35). Mr. Parker remained in custody pending the competency hearing.

On February 16, 2017, the Court resumed Mr. Parker's competency hearing, wherein the Court found that Mr. Parker was not competent at that time. The Court ordered Mr. Parker to undergo formal competency restoration procedures at a federal medical center. (Doc. 43).

The competency hearing resumed on September 12, 2017, with Mr. Parker appearing with his counsel, Mr. Arvanetes. Assistant United States Attorney Jessica Bentley represented the United States.

Mr. Parker admitted to the allegations in the petition for Violations 1, 2, 3, and 5. He neither admitted or denied Violation 4. The violations are serious and warrant revocation of his supervised release.

Mr. Parker's violation grade is Grade C, his criminal history category is IV, and his underlying offense is a Class C felony. He could be incarcerated for up to

twenty-four months. He could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for six to twelve months in custody.

Mr. Arvanetes recommended a sentence of time served, considering that Mr. Parker had been incarcerated since November 2, 2016 pending the competency hearing, with supervised release to follow.  Mr. Parker exercised his right of allocution.

### III.  Analysis

Mr. Parker's supervised release should be revoked because he admitted to violating its conditions.  He should be sentenced to sentenced to time served through September 13, 2017 at 12:00pm, with twenty-five months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Parker was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.  Mr. Parker waived his right to object.

The Court **FINDS:**

>James Michael Parker violated the conditions of his supervised release by 1) failing to report to sexual offender counseling on October 4, 2016, and October 11, 2016, 2) using methamphetamine on or about October 8, 2016, and Klonopin, a Schedule IV controlled substance, without an authorized prescription on October 11, 2016, 3) failing to report for random urinalysis testing, and 4) failing to participate in and complete a substance abuse treatment program by failing to report as scheduled on October 10, 2016.

The Court **RECOMMENDS:**

>The district court should enter the attached Judgment, revoking Mr. Parker's supervised release and committing him to the custody of the United States Bureau of Prisons for a sentence of time served through September 13, 2017 at 12:00pm, with twenty-five months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 12th day of September 2017.

_____
John Johnston
United States Magistrate Judge